UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TEENA OKEREKE,

    Plaintiff,

v.                                CASE NO. 3:15-cv-235-J-32MCR

COMMUNITY HOSPICE OF NORTHEAST
FL, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Plaintiff to Produce Plaintiff's Rule 26(a)(1)(A) Disclosures ("Motion") (Doc. 15) and Plaintiff's Opposition thereto ("Opposition") (Doc. 17.) For the reasons stated herein, the Motion is due to be **GRANTED in part** and **DENIED in part**.

In the Motion, Defendant seeks to compel Plaintiff to further amend her Second Amended Initial Discovery Disclosures in order to disclose an estimated computation of Plaintiff's damages, pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii). Pursuant to Rule 26:

> [A] party must, without awaiting a discovery request, provide to the other parties:
> . . .
> (iii)   a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed.R.Civ.P. 26(a)(1)(A)(iii).

In the Complaint, Plaintiff seeks to recover back pay and pre-judgment interest thereon, compensatory damages, reinstatement and/or front pay, punitive damages, costs, and attorney's fees.  (Doc. 2.)  With respect to Plaintiff's damages, her Second Amended Initial Discovery Disclosures provide as follows:

| | |
|---|---|
| Actual Damages    Lost Wages | Approximately $40,000 Wages<br>Lost Health Benefits<br>Prevented from obtaining Unemployment Insurance<br>Plaintiff's W2 Pay Stubs<br>Plaintiff was off work from April 2012 through August 2012 and was unable to collect Unemployment Insurance due to the Defendant's misrepresentations |
| Compensatory Damages | To be determined |
| Emotional Distress | To be determined |
| Pain & Suffering | To be determined |
| Punitive Damages | To be determined |
| Liquidated Damages, if any | To be determined |

(Doc. 15-1 at 18-19.)

In the Opposition, Plaintiff explains:

> In lieu of back pay and front pay, Plaintiff provided an approximate amount for actual damages as Plaintiff found reemployment approximately four months after her wrongful termination by Defendant.  Therefore, as front pay would be reduced by the amount that Plaintiff earned subsequent to the wrongful termination, Plaintiff

> believed it was unnecessary.  Further, Plaintiff had no documents to prove her actual damages for loss of wages during her period of unemployment as it is the absence of such documents that proves that Plaintiff was not working and did not receive any income, health benefits or any other benefits during the period that she was unemployed.  Furthermore, Defendant has Plaintiff's pay records prior to her wrongful termination as well as Plaintiff's documents from the denial of her unemployment claim by the Unemployment Insurance Commission.
> . . .
> Plaintiff cannot provide an amount for Attorney Fees until this case is settled therefore, she is unable to provide an amount of damages for Attorney Fees.
> . . .
> Plaintiff did not provide amounts for [compensatory, punitive, and emotional distress] damages as she intends to leave this issue to the jury at Trial.

(Doc. 17 at 2.)

Plaintiff's Second Amended Initial Discovery Disclosures are deficient with respect to the damages sought.  As an initial matter, Plaintiff has not provided a computation of any category of damages claimed, much less supporting documentation for each computation.  Further, the mismatch between the damages sought in the Complaint and the listing of damages in the Second Amended Initial Discovery Disclosures, is confusing.  Plaintiff's Opposition does not provide much clarity on the issue because it does not even address all categories of damages listed in the Second Amended Initial Discovery Disclosures.

In the Second Amended Initial Discovery Disclosures, Plaintiff lists categories of damages, but does not provide damage amounts, with the

exception of the $40,000 in wages listed under actual damages. However, it is unclear what is included in the category of actual damages, what the total amount is, and how it is calculated. Plaintiff needs to be more specific and include a computation, plus any supporting documents in Plaintiff's possession. *See Shock v. Aerospace Integration Corp.*, 2009 WL 595923, *6 (N.D. Fla. Mar. 6, 2009).

  Accordingly, Plaintiff will be directed to further amend her Second Amended Initial Discovery Disclosures in accordance with Fed.R.Civ.P. 26(a)(1)(A)(iii), except as to any non-economic compensatory damages for emotional distress, pain and suffering, and punitive damages, which Plaintiff intends to leave to the jury. *See Gray v. Fla. Dep't of Juvenile Justice*, 3:06-cv-990-J-20MCR, *4 (M.D. Fla. Jan. 30, 2007) ("Plaintiff is not required to provide Defendant with a calculation of her suggested compensatory damages for emotional distress pursuant to Rule 26(a)(1)(C)."); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (stating that "compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury") (internal citations omitted); *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386-87 (E.D. Tex. 1997) (compelling a computation of only compensatory damages that do not fall under the category of mental anguish, and refusing to compel a computation of punitive damages until discovery indicates that punitive damages are in controversy and that enough information is available so that plaintiffs may make a reasonable calculation). Further, Plaintiff

need not provide a computation of her attorney's fees and costs at this stage of the proceedings.

Therefore, the Motion is due to be granted in part and denied in part. In light of this conclusion, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the Motion." Fed.R.Civ.P. 37(a)(5)(C). However, under the circumstances, the Court does not consider an award of expenses appropriate.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 15**) is **GRANTED in part** and **DENIED in part** as stated herein. The parties shall bear the burden of their own expenses with respect to this Motion.

**DONE AND ORDERED** at Jacksonville, Florida, on September 22, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record