**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TEENA OKEREKE,

    Plaintiff,

v.                                                  Case No. 3:15-cv-235-J-32MCR

COMMUNITY HOSPICE OF
NORTHEAST FL, INC.,

    Defendant.

## O R D E R

This case is before the Court on Defendant Community Hospice of Northeast FL, Inc.'s Dispositive Motion to Dismiss Plaintiff's Complaint (Doc. 3) and Plaintiff Teena Okereke's response (Doc. 9). In its motion, defendant contends, among other things, that plaintiff's claims are barred under Title VII, 42 U.S.C. § 2000e-5(f)(1), because she failed to file suit within ninety day after receiving a right to sue letter from the Equal Employment Opportunity Commission. (Doc. 3 at 5-8.) Plaintiff responds that she is also bringing suit under the Florida Civil Rights Act (FCRA), Fla. Stat. §§ 760.01-.11, which has a four-year statute of limitations when the Florida Commission of Human Relations has not made a timely determination on reasonable cause for a complaint. (Doc. 9 at 1-3.) Upon due consideration, the Court determines that plaintiff's federal claims are due to be dismissed with prejudice and that the remainder of the case should be remanded.

Before beginning its substantive analysis, however, the Court will address certain pleading deficiencies that make its analysis more difficult than necessary. The

complaint is a "shotgun" pleading, with each of its three counts incorporating every paragraph that comes before it. (See, e.g., Doc. 2, ¶¶ 17, 23, 30.) The Eleventh Circuit has long history of condemning this most common form of shotgun pleading. Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320-24 (11th Cir. 2015). Most vexing for the Court's purposes here, though, is plaintiff's apparent failure to separate all of her causes of action into different counts. See id. Plaintiff says in her response to the motion to dismiss that she is pursuing a cause of action under the FCRA. (Doc. 9 at 1.) But the only reference to the FCRA in the complaint is in Paragraph 1, titled "Nature of Action." (Doc. 2, ¶ 1.) As for the actual causes of action pleaded, Counts I and II only mention alleged violation of Title VII, not FCRA.[1] (Id., ¶¶ 20, 28.) The result is confusion both for the defendant in trying to frame a responsive pleading, and for the Court in trying to determine the scope of plaintiff's claims.

But setting aside the issues of shotgun pleading, and assuming plaintiff does have a FCRA claim, she has not met her burden of showing that her Title VII claims are timely. To maintain a Title VII action, a plaintiff bears the initial burden of showing that she filed her complaint within ninety days of receiving the EEOC's right-to-sue letter. Green v. Union Foundry Co., 261 F.3d 1229, 1233 (11th Cir. 2002). Plaintiff seems to concede she has not met this burden, focusing solely on FCRA in her response to the motion to dismiss and not addressing Title VII at all. She acknowledges the right-to-sue letter issued on September 4, 2014. (Doc. 9 at 2.) The

[1] Count III appears to be a state law claim for intentional infliction of emotional distress. Because of its ruling on Counts I and II, this Court does not reach the adequacy of Count III.

Court can presume she received the letter on September 8 (because September 7 was a Sunday).[2] Kerr v. McDonald's Corp., 427 F.3d 947, 953 n.9 (11th Cir. 2005). The complaint simply alleges "the letter was improperly addressed and Plaintiff did not receive the notice until September 12, 2014." (Doc. 2, ¶ 8). But defendant has demonstrated that the letter was sent to the correct address for her attorney, who had requested it. (Doc. 4); Chapman v. Travalco, U.S.A., Inc., 973 F. Supp. 1045, 1047 (S.D. Fla. 1997). Plaintiff does not contest this.

Ninety days after September 8, 2014 falls on December 7, 2014, a Sunday. Plaintiff therefore would have had until the next day, December 8, to file her complaint. She did not file her complaint until December 10, 2014. (Doc. 2.) Her Title VII claims are therefore untimely and due to be dismissed. See Green, 261 F.3d at 1233 (affirming ruling that Title VII complaint filed seven days late was time-barred); Martinez v. U.S. Sugar Corp., 880 F. Supp. 773, 777 (M.D. Fla. 1995) (finding Title VII claims barred when filed five days late), aff'd 77 F.3d 497 (11th Cir. 1996).

---

[2] Defendant contends that the letter was actually delivered on September 8, 2014 and submits a U.S. Postal Service tracking record in support. (Doc. 4.) It is not clear the Court can consider this record in the context of a motion to dismiss. The Court can consider EEOC documents, however, as they are central to plaintiff's claims, are referenced in the complaint, and their authenticity cannot be reasonably dispute. Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); Harris, 182 F.3d at 802 n.2; Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); see also Lambert v. Ala. Dept. of Youth Servs., 150 F. App'x 990, 991, 992 (11th Cir. 2005) (EEOC charge of discrimination attached to motion to dismiss and considered); U.S.E.E.O.C. v. Stock Bldg. Co., No. 2:05CV306FTM29DNF, 2006 WL 462596, at *1 n.1 (M.D. Fla. Feb. 27, 2006) (considering charge of discrimination attached to the briefs). Alternatively, when considering a motion to dismiss, the Court may take judicial notice of the contents of relevant public records. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999).

Defendant removed this case from Florida state court pursuant to 28 U.S.C. §§ 1441 and 1446 solely on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 1.) With the dismissal of the only federal causes of action, and no indication of other grounds for federal jurisdiction, plaintiff's state law claims are due to be remanded. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004); Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Dispositive Motion to Dismiss Plaintiff's Complaint (Doc. 3) is **GRANTED**. Plaintiff's Title VII claims are dismissed with prejudice. The Complaint (Doc. 2) is otherwise dismissed without prejudice to filing an amended complaint in state court.

2. The case is **REMANDED** to the Fourth Judicial Circuit in and for Duval County, Florida. The Clerk shall take all necessary steps to effectuate this remand, including forwarding a certified copy of this Order to the state court. After remand has been effected, the Clerk shall terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of October, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record